**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 06-5184**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY EUGENE MOORE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Richard L. Voorhees, District Judge. (3:03-cr-00220-3)

Submitted: June 21, 2007          Decided: June 26, 2007

Before NIEMEYER, WILLIAMS, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

E. Fitzgerald Parnell, III, POYNER & SPRUILL, LLP, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Thomas Tullidge Cullen, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Eugene Moore seeks to appeal his 165-month sentence following his guilty plea to conspiracy to possess crack, cocaine, and marijuana with the intent to distribute. In criminal cases, the defendant must file the notice of appeal within ten days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered judgment on May 4, 2006. The notice of appeal was filed on October 13, 2006.[*] Because Moore failed to file a timely notice of appeal or to obtain an extension of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*]For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).